IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DARILE JOHNSON                                                                          PETITIONER

v.                                                                                No. 4:05CV181-P-A

LAWRENCE KELLY, ET AL.                                                                RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Darile Johnson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed; the petitioner has not responded, and the deadline for response has expired. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

The petitioner pled guilty in the Circuit Court of Washington County, Mississippi, on a charge of receiving stolen property. He was sentenced to five years in the custody of the Mississippi Department of Corrections. At the time the sentence for the instant charge was imposed, petitioner had just begun to serve a twelve year sentence as an habitual offender that was imposed by the Washington County Circuit Court on January 14, 1994. With a few narrow exceptions not applicable in the instant case, there is no avenue for a direct appeal from a guilty plea under Mississippi law, and the petitioner did not file such an appeal. MISS. CODE ANN. § 99-35-101, *Acker v. State*, 797 So.2d 966 (Miss. 2001).

State court records contain numerous pleadings filed by Johnson in the circuit court claiming that he had filed a post-conviction petition on October 14, 1996. The circuit court

entered three orders regarding these pleadings stating that the circuit clerk's office had no record of a post-conviction petition having been filed at that time. The petitioner then filed a post-conviction petition in the circuit court on August 30, 2004. The circuit court entered an order on September 10, 2004, dismissing the August 30, 2004, post-conviction petition and instructing petitioner that he must first seek leave in the supreme court before pursuing postconviction relief.[1] The petitioner followed the circuit court's instructions and filed his post-conviction petition in the Mississippi Supreme Court on October 29, 2004, which the court denied on December 13, 2004. Johnson filed the instant petition for a writ of *habeas corpus* July 14, 2005; he did not record the date of his signature.

## Discussion

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

---

[1] This ruling is odd because such action is not required under state law when the petitioner has pled guilty.

> diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The petitioner's conviction became final on October 15, 1994, thirty days after he was sentenced on his guilty plea. However, for convictions becoming final prior to April 24, 1996 (the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA")) the AEDPA's one-year time limit does not begin to run against a state prisoner prior to that date. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999). Thus, all convictions – including the one at issue here – which became final prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. The petitioner did not file a motion for post-conviction relief between April 24, 1996, the date petitioner's limitation period commenced, and the date the limitation period expired on April 24, 1997. Those he filed after the expiration of the limitations period do not toll that period. As such, he does not benefit from statutory tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Allowing three days for mailing the federal petition in this case was filed on July 11, 2005, three days prior to the date it was received and stamped as "filed" in the district court on July 14, 2005. Giving the petitioner the benefit of

the doubt by using the earlier date, the instant petition was filed 3,000 days after the April 24, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 5t day of May, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE