IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DARILE JOHNSON**                                                                                        **PETITIONER**

v.                                                                                                                                                                   **No. 4:05CV181-P-A**

**LAWRENCE KELLY, ET AL.**                                                                 **RESPONDENTS**

## ORDER DENYING PETITIONER'S
## MOTION TO ALTER JUDGMENT, DENYING
## PETITIONER'S MOTION FOR A WRIT OF MANDAMUS

This matter comes before the court on the *pro se* petitioner's May 24, 2006, motion to alter judgment in this case, as well as his August 3, 2006, motion for a writ of mandamus. Both motions seek essentially the same relief – that the court consider the petitioner's response to the state's motion to dismiss in this case. The petitioner argues that after the state filed its motion to dismiss on March 31, 2006, he mailed a response to that motion to dismiss to the chambers of the Magistrate Judge assigned to this case. The petitioner should have mailed his response to the Clerk's Office in Greenville, Mississippi, for filing. The response was not, however, filed, and the court entered a memorandum opinion and final judgment dismissing the instant petition as untimely filed under 28 U.S.C. § 2244(d). The petition was filed 3,000 days late.

In his motion to alter judgment, the petitioner presents his response to the motion to dismiss. The court has now reviewed the response and finds that it is without merit. The petitioner asserts in his response that this case is not subject to the limitations period of 28 U.S.C. § 2244(d) because the petitioner challenged only his sentence, not the validity of his conviction. This argument is completely without merit. As such, the instant motion to alter judgment shall be denied.

In his motion for a writ of mandamus, the petition argues the merits of his case – not the timeliness of his federal petition for a writ of *habeas corpus*. The petitioner does not seek a writ of mandamus at all; instead, he simply repeats the arguments discussed above in his motion to alter judgment. As such, the instant motion for a writ of mandamus shall be denied.

In sum, the petitioner's motion to alter judgment is hereby **DENIED**, and the petitioner's motion for a writ of mandamus is also **DENIED.**

**SO ORDERED,** this the 6th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE